Erica C. Mirabella
MIRABELLA LAW, LLC
132 Boylston Street, 5th Floor
Boston, MA  02116
(617) 580-8270
(617) 583-1905 (fax)
erica@mirabellaLLC.com

*Counsel for Plaintiff*
[Additional Counsel listed on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------x

LYNICA EMANUELLO, individually, and on
behalf of all others similarly situated,

                                :

                Plaintiff,              **CLASS ACTION COMPLAINT**

                                :

      -vs.-

                                :

FIFTH GENERATION, INC.              **JURY TRIAL DEMANDED**

                 Defendant.     :

-----------------------------------------------------------x

Plaintiff Lynica Emanuello ("Plaintiff"), individually, and on behalf of all similarly situated persons, by and through her attorneys, alleges the following against Defendant Fifth Generation, Inc. ("Defendant"), upon personal knowledge as to facts pertaining to herself, and upon information and belief as to all other matters.

**INTRODUCTION**

1.      This is a class action case brought on behalf of all Massachusetts purchasers of Tito's Handmade Vodka ("Tito's"), a vodka manufactured, distributed, marketed, and sold by Fifth Generation, Inc.  Tito's has become an immensely popular spirit over the last several years. This rise is popularity is not the result of Tito's quality, but instead is the result of Defendant's fraudulent, misleading, unlawful, deceptive and unfair marketing and advertisements.

Specifically, Defendant has benefited from the statements on the label of its product, in large prominent letters, that Tito's is "Handmade." This assertion, which is also made in Defendant's advertising, is misleading and false.

2.      Although Defendant markets and sells Tito's as "Handmade," it is in fact anything but: in actuality, Tito's is made via a highly-mechanized process that is devoid of human hands.  There is simply nothing "Handmade" about "Tito's Handmade" vodka, under any definition of the term, because Tito's is: (1) made from commercially manufactured "neutral grain spirit" that is trucked and pumped into Fifth Generation's industrial facility; (2) distilled in a large industrial complex with modern, technologically advanced stills; and (3) produced and bottled in extremely large quantities (i.e., it is "mass produced").

3.      Defendant's use of the term "Handmade" on the Tito's label and in Tito's advertising misleads consumers into believing Tito's is "Handmade" when in actuality it is not.

4.      In deciding to purchase Tito's, Plaintiff and Class members relied on Defendant's assertion that the vodka was "Handmade."

5.      Defendant knowingly and purposefully failed to disclose to the consuming public that Tito's is not actually "Handmade." Indeed, Defendant has used its misstatements and concealments to propel itself from a fringe vodka brand to one of the nation's best-selling spirits.

6.      In sum, Defendant's advertising tactics are misleading, deceptive, unfair, and fraudulent.

## PARTIES

7.      Plaintiff Lynica Emanuello is a resident of Hingham, Massachusetts who purchased Tito's within four years of the filing of this action.

8.      Defendant Fifth Generation, Inc. is a corporation that is organized and exists under the laws of the State of Texas.  Its business address is 12101 Moore Road, Austin, Texas 78719.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action under 28 U.S.C. § 1332(d), because

this is a class action in which: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) members of the proposed class are citizens of a State different from Defendant; and (3) the number of members of the class is greater than 100.

10.    Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 because Defendant has advertised and sold Tito's in this district and received substantial revenues and profits from its sales of Tito's in this district; therefore, a substantial part of the events and/or omissions giving rise to the claims occurred within this district.

11.    This Court has personal jurisdiction over Defendant because it has intentionally and purposefully directed Tito's into the stream of commerce within Massachusetts.

## FACTUAL ALLEGATIONS

12.    Over the past 18 years, Defendant has gone from a small producer of vodka to one of the nation's most successful sprit brands.  As of 2012, Defendant produced 850,000 cases of Tito's, up 46% from the prior year.  Much, if not all, of Tito's growth is a result of Defendant's marketing and advertising, including on the Tito's label. But this marketing and advertising is deceptive, misleading, and false.

13.    During the relevant time period, Defendant has manufactured, marketed, and sold Tito's with printed labels that prominently claims that it is "Handmade."

14.    During the relevant time period, Defendant has manufactured, marketed, and sold Tito's with printed labels that also prominently claim that Tito's is "Crafted in an Old Fashioned Pot Still by America's Original Microdistillery."

15.    Below is an example of the Tito's label:



16.     Defendant's print and electronic advertisements for Tito's make identical assertions.

17.     A reasonable consumer would believe that a product labeled as "Handmade" is produced by human hands and basic tools, rather than by automated machines.  *See Handmade*, Dictionary.com, http://dictionary.reference.com/browse/handmade (last visited December 12, 2014) (defining "handmade" as "made by hand, rather than by machine").

18.     On information and belief, Tito's is made, manufactured, and produced in "massive buildings containing ten floor-to-ceiling stills and bottling 500 cases an hour" using automated machinery.[1]  The process of manufacturing Tito's is devoid of the caring touch of human hands. The neutral grain spirit that forms the basis of the Tito's product is produced in an

---

[1] A 2013 article in Forbes magazine noted that the Forbes photographer was purposefully directed away by the Tito's brand manager from "massive buildings containing ten floor-to-ceiling stills and bottling 500 cases an hour and into the shack with the original still, cobbled from two Dr. Pepper kegs and a turkey-frying rig to cook bushels of corn into booze."  The Troubling Success Of Tito's Handmade Vodka, Forbes (July 15, 2013) *available at* http://www.forbes.com/sites/meghancasserly/2013/06/26/haunted-spirits-the-troubling-success-of-titos-handmade-vodka/

industrial factory on a massive scale.  These facts belie Defendant's claims that Tito's is "Handmade" and "Crafted in an Old Fashioned Pot Still."

19.     Defendant marketed and represented to the general public that Tito's was "Handmade" and, in doing so, concealed the highly automated nature of the Tito's manufacturing and bottling process.  Defendant also concealed the fact that Tito's is not made in old fashioned pot stills.  The disclosure of this information was necessary in order to make Defendant's representations truthful and not misleading. Defendant possesses superior knowledge of the true facts that were not disclosed, thereby tolling the running of any applicable statute of limitations.

20.     Products labeled "handmade" are more desirable to consumers.  Consumers who purchase handmade products do so because they believe that handmade products are of a higher quality than non-handmade counterparts.

21.      Massachusetts consumers, including Plaintiff, typically rely on assertions that products are "handmade" in making purchasing choices.

22.     Like any reasonable consumer would, Plaintiff concluded based on these representations that she was purchasing a vodka produced by human hands in an old fashioned pot still.

23.     Defendant was able to, and did, charge more for Tito's than it would had been had it not made the misrepresentations set forth above.

24.     By misleading consumers into believing Tito's is handmade, Defendant has induced consumers, including Plaintiff, into purchasing a product they otherwise would not have purchased.

25.     Defendant's scheme to defraud consumers is ongoing and will victimize consumers until altered by judicial intervention.

### THE PLAINTIFF'S TRANSACTION

26.     Plaintiff purchased Tito's roughly once a month for the past four years.  Most recently, in November 2014, Plaintiff purchased Tito's at the Super Stop & Shop in Hingham,

Massachusetts.  At the time Plaintiff purchased Tito's, the product itself was prominently marked with a "Handmade" label.

27.     When Plaintiff purchased Tito's, she saw and relied upon the "Handmade" representation that is prominently displayed on all of Tito's products.

28.     As a direct result of Defendant's representation, Plaintiff believed at the time she purchased Tito's that she was buying a product made by human hands that was not made in large industrial vats in mass quantities, and that Tito's crafted from scratch.

29.     Plaintiff suffered an "injury in fact" because Plaintiff would not have purchased Tito's had she known that the above representations were false and misleading.  Plaintiff also paid a premium price for Defendant's vodka.

30.     Under Massachusetts ALM GL ch. 93A, on December 23, 2014, a written demand for relief, identifying the Plaintiff and the Class and reasonably describing the unfair or deceptive acts or practices relied upon and the injury suffered by Plaintiff and the Class, was mailed and delivered to Defendant.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following class (the "Class"):

> All persons purchased Tito's Handmade Vodka in the commonwealth of Massachusetts.

32.     The following persons are expressly excluded from the Class: (1) Defendant and its subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the Court to which this case is assigned and its staff.

33.     This action can be maintained as a class action, because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

34.     **Numerosity**:  It is estimated that the number of Class members is in the thousands.  Joinder of all Class members is impracticable.

35.   **Common Questions Predominate**:  This action involves common questions of law and fact applicable to each Class member that predominate over questions that affect only individual Class members.  Thus, proof of a common set of facts will establish the right of each Class member to recover.  Questions of law and fact common to each Class member include, for example:

    a.   Whether Defendant engaged in fraudulent, unfair, unlawful, or deceptive business practices by falsely representing that Tito's was handmade;

    b.   Whether Plaintiff and the Class are entitled to equitable and/or injunctive relief;

    c.   Whether Defendant must be enjoined from continuing to operate with "handmade" in its name;

    d.   Whether Defendant's fraudulent unlawful, unfair, and deceptive practices harmed Plaintiff and the Class; and

    e.   Whether Defendant was unjustly enriched by its deceptive practices.

36.   **Typicality**:  Plaintiff's claims are typical of the claims of the Class because Plaintiff bought Tito's during the Class Period.  Defendant's unlawful, unfair, and fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.  The injuries of each member of the Class were caused directly by Defendant's wrongful conduct.

37.   **Adequacy**:  Plaintiff will fairly and adequately protect the interests of the Class. Neither Plaintiff nor Plaintiff's counsel have any interests that conflict with or are antagonistic to the interests of the Class members. Plaintiff has retained highly competent and experienced class action attorneys to represent Plaintiff's interests and those of the members of the Class. Plaintiff and Plaintiff's counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiff and Plaintiff's counsel are aware of their fiduciary responsibilities to the Class members and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

38.     **Superiority**:  There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of Class members' rights and the disposition of their interests through actions to which they are not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would create.

39.     The claims of the individual class members are small in relation to the expenses of litigation, making a class action the only procedure in which class members can, as a practical matter, recover.  However, the claims of individual class members are large enough to justify the expense and effort in maintaining a class action.

40.     The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate injunctive or equitable relief with respect to the Class as a whole.

41.     The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are met as questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

42.     Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

43.     There are no unique defenses which may be asserted against Plaintiff individually, as distinguished from the Class.  Plaintiff's claims are the same as those of the Class.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(Violation of Massachusetts ALM GL ch. 93 §§ 2 and 9)**

44.     Plaintiff repeats and re-alleges each of the above allegations.

45.     ALM GL ch. 93A §2 prohibits unfair methods of competition and unfair or deceptive acts in the conduct of commerce.

46.     Defendant violated ALM GL ch. 93A by making fraudulent, false, deceitful, and misrepresentative representations, through its advertisements and labeling of Tito's, to Plaintiff and Class. Specifically, Defendant represented that Tito's was "Handmade" when it was not. Defendant's misleading marketing, advertising, and labeling of Tito's were likely to, and did, deceive reasonable consumers.

47.     Defendant acted with intent to defraud Plaintiff and Class members.

48.     Plaintiff and Class members acted on Defendant's false and misleading representation and purchased Tito's.  Had Plaintiff and Class members known the actual facts, they would not have taken such action.

49.     As a result of Defendant's violation of M.G.L. c. 93A §2, Plaintiff and the Class have suffered actual harm and seek recovery as provided by M.G.L. c. 93A §9, including but not limited to all damages recoverable at law and attorneys' fees and costs.

50.     Plaintiff and the members of the Class who purchased Tito's in Massachusetts are entitled to the greater of their actual damages and the statutory amount of $25.

51.     Defendant's violation of Massachusetts ALM GL ch. 93A was knowing and willful.  Defendant's failure to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated Massachusetts ALM GL ch. 93A §2.  Therefore, Plaintiff and the members of the Class who purchased Tito's in Massachusetts are entitled to recover not less than twice and not more than three times their actual damages and any applicable statutory penalties.  Plaintiff and the Class members are also entitled to attorneys' fees.

52.     Plaintiff and other members of the Class who purchased Tito's in Massachusetts seek to enjoin such unlawful deceptive acts and practices as described above. Each of the Class members who purchased Tito's in Massachusetts will be irreparably harmed unless the unlawful actions of Defendant are enjoined, in that Defendant will continue to falsely, misleadingly, and unlawfully label Tito's and to illegally manufacture, distribute and sell these illegally labeled, misbranded products in violation of the laws that prohibit such actions. Plaintiff and other members of the Class who purchased Tito's in Massachusetts therefore seek to enjoin the manufacture, distribution, or sale of any mislabeled or misbranded Tito's in Massachusetts and further request an order granting them injunctive relief, ordering appropriate corrective advertising, and appropriate disclosures on the labeling in advertising, marketing, and promotion of Tito's in Massachusetts.

53.     Absent such injunctive relief, Defendant will continue to illegally manufacture, distribute and sell mislabeled and misbranded Tito's to the detriment of consumers in the state of Massachusetts.

54.     On December 23, 2014, more than 30 days before alleging a claim under Massachusetts ALM GL ch. 93A, a written demand for relief, identifying Plaintiff and the Class and reasonably describing the unfair or deceptive acts or practices relied upon and the injury suffered by Plaintiff and the Class, was mailed to Defendant. Defendant failed to respond to the demand letters in a reasonable manner.

## SECOND CAUSE OF ACTION
### (Breach of Express Warranty)

55.     Plaintiff repeats and re-alleges each of the above allegations.

56.     Defendant expressly warranted that Tito's is "Handmade."

57.     Defendant made this express warranty as part of its marketing campaign, in advertisements, and on the Tito's label.

58.     Defendant's product did not conform to the express warranty made by Defendant.

59.     The natural tendency of Defendant's express warranty was to induce persons to

buy Tito's.

60.     Plaintiff and the Class members relied on Defendant's express warranty to their detriment.

61.     Plaintiff and the Class members were injured as a direct and proximate result of Defendant's express warranty because: (a) they would not have purchased Tito's had they known Tito's was not "Handmade"; (b) they paid a premium price due to the misinformation in Defendant's advertising and on Tito's label; and (c) Defendant's product was not as warranted.

62.     By reason of the foregoing, Plaintiff and the other Class members have suffered damages in an amount to be proved at trial, together with punitive damages.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

63.     Plaintiff repeats and re-alleges each of the above allegations.

64.     As a direct result of Defendant's deceptive, fraudulent, and misleading marketing, advertising, and labeling of Tito's, Defendant were enriched, at the expense of Plaintiff and the other Class members, through the purchase price for Tito's.

65.     Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits that they received from Plaintiff and the Class members.

66.     Thus, it would be unjust and inequitable for Defendant to retain the benefit without restitution to Plaintiff and the Class members of the monies paid to Defendant for Tito's.

### FOURTH CAUSE OF ACTION
### (Negligent Misrepresentation)

67.     Plaintiff repeats and re-alleges each of the above allegations.

68.     In making misrepresentations of fact and omissions of material fact to Plaintiff and the other Class members about Tito's, Defendant failed to fulfill its duties to disclose the material facts alleged above.  Defendant's negligence and carelessness is one of the direct and proximate causes of its failure to disclose the relevant, material facts.

69.     Plaintiff and the other Class members, as a direct and proximate cause of

Defendant's breaches of its duties, reasonably relied upon such representations and omissions to her detriment.

70.     Defendant has a duty to correct the misinformation they disseminate through its advertising of Tito's. By not informing Plaintiff and the Class members, Defendant breached this duty. Defendant also gained financially from, and as a result of, this breach.

71.     By reason of the foregoing, Plaintiff and the other Class members have suffered damages in an amount to be proved at trial, together with punitive damages.

**FIFTH CAUSE OF ACTION**
**(Breach of Implied Warranty of Merchantability)**

72.     Plaintiff repeats and re-alleges each of the above allegations.

73.     ALM GL ch. 106 § 2-314(2) provides in relevant part that "[g]oods to be merchantable must at least be such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any."

74.     As set forth above, Tito's does not "conform to the promises or affirmations of fact made on the [Tito's] container or label."

75.     Plaintiff and the other Class members reasonably relied upon the representations on Tito's label to their detriment.

76.     By reason of the foregoing, Plaintiff and the other Class members have suffered damages in an amount to be proved at trial, together with punitive damages.

**JURY DEMAND**

Plaintiff hereby demand a trial by jury on all issues so properly triable thereby.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly situated persons, prays for judgment against Defendant as follows:

A.     For an order certifying this case as a class action and appointing Plaintiff and Plaintiff's counsel to represent the Class;

B.     For an order awarding, as appropriate, damages to the Plaintiff and the Class, including all monetary relief to which Plaintiff and the Class are entitled pursuant to under Massachusetts law, including Massachusetts ALM GL ch. 93A *et seq*. Plaintiff and the Class expressly seek the minimum statutory penalties provided for as a result of Defendants' violation of Massachusetts ALM GL ch. 93A *et seq*. and the augmented damages they are entitled to as a result of the Defendants' willful, knowing and bad faith acts, pursuant to the doubling and trebling and other damage augmentation provisions of Massachusetts ALM GL ch. 93A *et seq*.;

C.     For an order requiring order requiring Defendant to immediately cease and desist from selling Tito's in violation of law; enjoining Defendant from continuing to manufacture, deliver, offer to deliver, market, advertise, distribute, and sell Tito's in the unlawful manner described herein; enjoining Tito's from continuing to include "Handmade" in its name, and ordering Defendant to engage in corrective action;

D.     For an order awarding attorneys' fees and costs;

E.     For an order awarding punitive damages;

F.     For an order awarding pre-judgment and post-judgment interest; and

G.     For an order providing such further relief as this Court deems just and proper.

Dated:  April 3, 2015

MIRABELLA LAW, L

By: */s/* Erica Mirabella

Erica C. Mirabella
MIRABELLA LAW, LLC
132 Boylston Street, 5th Floor
Boston, MA  02116
Telephone: 617.580.8270
Facsimile: 617.583.1905
erica@mirabellaLLC.com

Konstantine W. Kyros
KYROS LAW OFFICES
17 Miles Rd.
Hingham, MA 02043
Telephone: (800) 934-2921
kon@kyroslaw.com

Jonathan W. Cuneo
CUNEO GILBERT & LADUCA, LLP
507 C Street, NW
Washington, DC 20002
Telephone: 202.789.3960
Facsimile: 202.589.1813
jonc@cuneolaw.com

Taylor Asen
CUNEO GILBERT & LADUCA, LLP
16 Court Street, Suite 1012
Brooklyn, NY 11241
Telephone: 202.789.3960
Facsimile: 202.589.1813
tasen@cuneolaw.com

John Donboli
DEL MAR LAW GROUP, LLP
12250 El Camino Real, Suite 120
San Diego, CA 92130
Telephone: 858.793.6244
Facsimile: 858.793.6005
jdonboli@delmarlawgroup.com

*Counsel for Plaintiff*